United States Court of Appeals,
Fifth Circuit.

No. 92-5600.

UNITED STATES of America, Plaintiff-Appellee,

v.

Richard PINEDA, Defendant-Appellant.

April 8, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before JOLLY and DAVIS, Circuit Judges, and BRAMLETTE,[1] District Judge.

PER CURIAM:

Richard Pineda appeals the denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Pineda argues that (1) he was denied the right to appear in court at his sentence reduction hearing, and (2) his trial and appellate counsel were ineffective. Finding no merit in his arguments, we affirm.

I.

In 1971, Richard Pineda pleaded guilty to aiding and abetting the possession with intent to distribute heroin and was sentenced to the statutory maximum of fifteen years imprisonment, plus a ten-year enhancement for prior convictions and ten years special parole. See 21 U.S.C. § 841(b)(1)(A) (West 1981). In 1978, the district court granted Pineda's Rule 35 "Motion to Correct Illegal Sentence" and reduced Pineda's imprisonment to fifteen years, the maximum sentence for a first-time offender under § 841.

Pineda was released on special parole in 1986 but returned to prison a year later after his parole was revoked. In 1992, he filed a 28 U.S.C. § 2255 motion to vacate his reduced sentence on the grounds that (1) he was denied the right to be present in court when his sentence was reduced, and (2) his trial counsel was ineffective. The district court denied the motion. Pineda appeals the denial of his allocution claim and asserts that the district court failed to address his ineffective assistance claim.

---

[1]District Judge of the Southern District of Mississippi, sitting by designation.

II.

A.

Pineda first argues that the district court lacked jurisdiction to reduce his sentence in 1978, because Pineda was not present in court. Fed.R.Crim.P. 43. Pineda asserts that because his 1978 motion was necessarily brought under Rule 35(a) (it would have been untimely as a Rule 35(b) motion for reduction of sentence), his presence in court was required.[2]

Federal Rule of Criminal Procedure 43(c)(4) provides that a defendant need not be present "[a]t a reduction of sentence under Rule 35." We conclude that this language applies to a downward correction of an illegal sentence under Rule 35(a) as well as to a "reduction" under Rule 35(b). We therefore agree with the eleventh circuit that "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." *United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991).

B.

Pineda also asserts that the district court erroneously failed to address his Sixth Amendment claim. Pineda's § 2255 motion and attached "statement" presented the district court with an ineffective assistance of counsel claim in the following vague terms:

> A denial of the right to allocution at sentencing as well as the right to representation of counsel....

> [P]etitioner's Sixth Amendment (U.S. Const.) right "to assistance of counsel" in handling the "pleas agreement" ensued.

The district court adopted the magistrate's recommendations, which did not address this claim.

---

[2]We apply the version of Rule 35 applicable to offenses committed before November 1, 1987, which provided:

> **(a) Correction of sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

> **(b) Reduction of sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked....

We construe pro se § 2255 petitions liberally.  "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *United States v. Woods,* 870 F.2d 285, 288 n. 3 (5th Cir.1989).  Pineda's vague references to his sixth amendment rights are insufficient to raise the issue.  Since Pineda did not properly raise his sixth amendment claim before the district court, this court will not consider it.  *United States v. Houston,* 745 F.2d 333, 334 (5th Cir.1984), cert. denied, 470 U.S. 1008, 105 S.Ct. 1369, 84 L.Ed.2d 388 (1985).

AFFIRMED.