IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11064
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

ALVIN TOLLIVER,

                                          Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-835-E
USDC No. 4:96-CV-099-E
USDC No. 4:88-CR-057-E
- - - - - - - - - -
December 3, 1997
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Alvin Tolliver seeks a certificate of appealability (COA) to appeal from the partial denial of three consolidated 28 U.S.C. § 2255 motions in which Tolliver challenged his conviction and sentence for possession with intent to distribute heroin and maintenance of a place for the manufacture of narcotics.[**]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**] The district court granted relief on Tolliver's contention that a conviction for use of a firearm in relation to a drug-trafficking crime violated *Bailey v. United States*, 116 S.

Tolliver's § 2255 motions were filed before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA); he therefore does not need a COA to proceed on appeal. His COA motion therefore is DENIED as unnecessary.

Tolliver argues that trial counsel merely feigned representation of him because counsel was intimidated by the prosecutor's implicit threat to name counsel as a conspirator and therefore advised Tolliver to plead guilty, failed to move for suppression of evidence, and failed to present evidence on Tolliver's behalf. Tolliver argued in the district court only that trial counsel advised him to plead guilty and feigned the defense because of intimidation; he did not argue specifically that counsel was ineffective for failing to seek suppression of evidence of failing to present evidence on his behalf.

Tolliver's general contention that counsel feigned a defense is conclusional and does not allege any specific prejudice. Tolliver's conclusional allegations are insufficient to give rise to any § 2255 issues. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Tolliver's remaining ineffective-assistance contentions give rise to factual questions that this court will not resolve on appeal. Tolliver has not shown plain error regarding those contentions. *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

Tolliver contends that the attribution to him of more drugs

Ct. 501 (1995).

than the quantity with which he was arrested violated the Eighth Amendment.  Tolliver could have raised his Eighth Amendment contention in a direct appeal following resentencing but chose not to do so.  Tolliver is procedurally barred from raising his Eighth Amendment issue.  *United States v. Drobny,* 955 F.2d 990, 994-95 (5th Cir. 1992).

Tolliver's appeal is frivolous, *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), and therefore is dismissed.  Counsel is admonished that he has a duty not to pursue frivolous appeals. *United States v. Burleson*, 22 F.3d 93, 95 (5th Cir. 1994).

APPEAL DISMISSED.  5TH CIR. R. 42.2.