IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50349
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO ARRIOLA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CA-315 (SA-93-CR-25-1)
- - - - - - - - - -

February 4, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Arriola, # 65012-080, appeals the district court's judgment denying his 28 U.S.C. § 2255 motion. He has also filed a motion for appointment of counsel, which is DENIED.

Arriola argues that the district court erred in summarily dismissing his motion without a hearing and that the case should be remanded to the district court to afford him the opportunity to amend and further develop his § 2255 motion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). This court reviews a district court's denial of an evidentiary hearing for abuse of discretion. Id. A hearing is unnecessary when petitioner's allegations are not detailed and specific. United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990).

Arriola notes that he set forth numerous allegations of ineffective assistance of counsel in his motion, but he declines to discuss the merits of these allegations. Arriola has not briefed any arguments challenging the district court's conclusions that none of the alleged instances of ineffective assistance involved attorney error or were prejudicial. He does not brief his claims of ineffective assistance so as to demonstrate why the district court erred in concluding that the record conclusively showed that he was entitled to no relief or why an evidentiary hearing was necessary. Arriola's appellate brief does not provide record citations to the parts of the record which he alleges support his claims.

The Federal Rules of Appellate Procedure require the parties to provide references to the record to support statements of fact. Fed. R. App. P. 28(a)(4); 5th Cir. R. 28.2.3. Although this court liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and comply with the

standards of Rule 28 of the Federal Rules of Appellate Procedure. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

Additionally, Arriola does not make any arguments addressing the merits of his constitutional claims or the reasons given by the district court for denying his § 2255 motion. This Court will not raise and discuss legal issues that the appellant has failed to assert. Failure by the appellant to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

A thorough reading of Arriola's brief reveals that he has failed to adequately brief any issues for appeal, other than just stating repeatedly, in a conclusionary manner, that he should have had an evidentiary hearing, without even suggesting what proof that hearing would entail. Arriola has had three chances now, in his original § 2255 motion, in his supplemental motion, and in this appellate brief, to allege specific facts to support his conclusional allegations of constitutional errors affecting his trial. He has failed to do so. Such conclusional allegations do not raise a constitutional claim and do not merit consideration under § 2255. See United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (§ 2255 case); see also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983). The district court did not abuse its discretion in denying Arriola's § 2255 motion without an evidentiary hearing. Thus, there is no reason

for this case to be remanded for further development of his claims.

Arriola argues that he was denied due process in these § 2255 proceedings when the district court denied his motion without a hearing and in light of the fact that he never received a response from the Government to his original § 2255 motion. Arriola does not explain why he never filed a response to the Government's second response, and he does not state what he would have included in a response to the Government's first response which would have changed the outcome of the proceedings.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.