Michael C. SMART, Plaintiff,

v.

**U.S. DEPARTMENT OF VETERAN AFFAIRS; Erik K. Shinseki, Secretary of Veteran Affairs (official capacities); Joan Ricard, Director (official capacities); Dr. Loran Wilkenfeld, Chief of Mental Health (official capacities), Defendants.**

No. EP–10–CV–116–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Sept. 23, 2010.

Michael C. Smart, El Paso, TX, pro se.

Eduardo R. Castillo, Assistant United States Attorney, El Paso, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendants U.S. Department of Veterans Affairs; Eric K. Shinseki, Secretary, Department of Veterans Affairs; Joan Ricard, Director, El Paso VA Medical Center; and Dr. Loren Wilkenfeld, Chief of Mental Health's (Defendants) "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Docket No. 36), filed on July 20, 2010, in the above-captioned cause. On July 26, 2010, Plaintiff responded with a "Motion Denying Defendant [sic] Motion

to Dismiss and Motion for Summary Judgment." Docket No. 37. After due consideration, the Court is of the opinion that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Docket No. 36), should be granted for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

On April 9, 2010, Plaintiff Michael C. Smart (Plaintiff), proceeding *pro se* and *in forma pauperis,* filed a Complaint (Docket No. 3), asserting jurisdiction in the Court under 28 U.S.C. §§ 1331 and 1346 (2006), the Administrative Procedure Act (5 U.S.C. § 706 (2006)), 42 U.S.C. § 1983 (2006), the United States Constitution, and "Texas State Law." However, Plaintiff only asserts two causes of action against Defendants: (1) a claim alleging a 42 U.S.C. § 1983 violation of Plaintiff's right to participate in the Housing and Urban Development—Veteran Administration Supported Housing (HUD–VASH) program and (2) a claim alleging due process violations under the United States and Texas Constitutions. *See* Compl. 5–6.

Plaintiff states that he is a veteran of the United States military and claims that he applied for benefits under the HUD–VASH program at the Department of Veterans Affairs (VA) in El Paso, Texas. In his Complaint, Plaintiff states that he was recently evicted from his residence following a rent dispute. Plaintiff further states that he informed a VA staff member that he had stayed at a homeless shelter for one night, but since that night, he has stayed with friends in their homes in El Paso and Mexico. Compl. 2.

Plaintiff alleges that he was denied benefits after the VA wrongfully concluded that he did not meet the statutory definition of "homeless" for the purpose of receiving HUD–VASH benefits. Compl. 2.

Plaintiff further asserts that, on February 10, 2010, he filed an administrative claim under the "Federal Tort Claim Act" with the VA in order to challenge the denial of benefits. Compl. 3.

### B. Procedural Background

On May 11, 2010, Plaintiff filed an "Emergency Motion for Mandatory Injunction" (Docket No. 6), which was referred to a United States Magistrate Judge for a Report and Recommendation. Docket No. 12. Based on Plaintiff's pleadings and evidence introduced at the hearing, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's request for injunctive relief be denied because Plaintiff did not meet the controlling statutory definition of "homeless." Docket No. 29.

## II. LEGAL STANDARD

### A. Motions to Dismiss

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and therefore have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998).

Motions to dismiss under Rule 12(b)(6) for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations omitted). The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

### B. Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court should find summary judgment appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A genuine issue of material fact exists only if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 712 (5th Cir.1994) (quoting *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir.1990)). If the moving party has satisfied its initial burden,

the nonmovant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing FED. R. CIV. P. 56(e)). When a moving party requests that a court grant its motion for summary judgment, a court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). While a court will resolve factual controversies or disputes in the nonmovant's favor, it must do so "only when there is an *actual* controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis added). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

### C. *Pro Se*

■ A court reviews *pro se* pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (explaining lower standard for *pro se* pleadings). At the same time, however, parties proceeding *pro se* are still required to provide sufficient facts in support of their claims. *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir.1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient." *Id.* (citing *United States v. Woods,* 870 F.2d 285, 288 n. 3 (5th Cir.1989)).

"If dismissal of a *pro se* complaint is warranted, it should be without prejudice to allow [the plaintiff] to file an amended complaint." *Moawad v. Childs,* 673 F.2d 850, 851 (5th Cir.1982). "At the same time, if the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold." *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir.1986). Thus, a court may dismiss a *pro se* complaint with prejudice when the plaintiff "is fully apprised of [the] complaint's potential insufficiency and [has been] given [an] opportunity to correct any insufficiencies." *See Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998); *Jacquez,* 801 F.2d at 790–92.

## III. ANALYSIS

### A. Claim 1

Plaintiff's first claim alleges a 42 U.S.C. § 1983 violation resulting from Defendants' failure to use the HUD–VASH definition of "homeless" under the McKinney Act in denying him HUD–VASH benefits. To the extent Plaintiff seeks relief under Section 1983 for Defendants' alleged failure to use the proper definition, his claim must be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. Rule 12(b)(6). Section 1983 and the proper definition of "homeless" will be discussed in turn below.

#### 1. 42 U.S.C. § 1983

In order to state a valid claim under Section 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Plaintiff's Section 1983 claim

against Defendants fails on the second element.

In *Broadway v. Block,* the Fifth Circuit held that federal agencies and officials, acting under color of federal law rather than state law, are not subject to suits under Section 1983. 694 F.2d 979, 981 (5th Cir.1982); *see also Resident Council of Allen Parkway Village v. U.S. Dept. of Hous. and Urban Dev.,* 980 F.2d 1043, 1055 (5th Cir.1993) (explaining that Section 1983 does not apply to federal agencies or their employees).

■ The VA is a federal agency acting under color of federal law and the remaining Defendants are brought into this suit in their official capacities as federal officials. Consequently, Plaintiff's claim against Defendants is not proper under Section 1983. *See Newsome v. E.E.O.C.,* 301 F.3d 227, 233 (5th Cir.2002) (dismissing appeal of lower court's holding that Section 1983 does not apply to a federal agency).

#### 2. Definition of "Homeless" under the McKinney Act

■ On June 15, 2010, a United States Magistrate Judge submitted a "Report and Recommendation" (Docket No. 29), on Plaintiff's motion for injunctive relief (Docket No. 6). Therein, the Magistrate Judge found that Plaintiff's pleadings—along with evidence introduced at the motion hearing—established that Plaintiff was not entitled to benefits under the HUD–VASH program because he did not meet the definition of "homeless" under the McKinney Act, 42 U.S.C. § 11302 (2006), as required by the program.

The Magistrate Judge noted that there is a discrepancy between the controlling statutory language of "homeless" and the definition of "homeless" set forth in the VA handbook. The statutory definition has two conjunctive elements: (1) lacking

a fixed, regular, and adequate nighttime residence *and* (2) having a primary nighttime residence that primarily serves the homeless community or some type of institution. The VA handbook, on the other hand, incorrectly lists the elements in the disjunctive: with an *"or."* Report and Recommendation 4.

In Plaintiff's Complaint, he concedes that at the time he applied for the benefits he was "living with friends" (Compl. 2), and that at the time of the hearing he was living in his own apartment. Report and Recommendation 4. While Plaintiff contends that he meets the first element of the "homeless" definition, the statutory definition requires that *both* elements be satisfied. The Magistrate Judge concluded, and the Court agrees, that Plaintiff relied on an incorrect definition of "homeless" at the time of his application for HUD–VASH benefits and has conceded factual circumstances that preclude him from stating a valid claim.

## B. Claim 2

In Plaintiff's second claim, he alleges due process violations under the U.S. Constitution (Fifth Amendment), and the Texas Constitution (Art. 1, Sec. 19), as a result of Defendants' failure to provide "notice[ ]" or "an opportunity to be heard" following the denial of HUD–VASH benefits. This claim is improper because the Court does not have jurisdiction to adjudicate a claim for the denial of these benefits. To the extent Plaintiff alleges a constitutional tort in this claim, the Court also does not have jurisdiction to hear the claim. Accordingly, the claim is dismissed for want of jurisdiction under Fed.R.Civ.P. Rule 12(b)(1).

## 1. Jurisdiction

■ Although Plaintiff attempts to fashion his case in constitutional terms, his complaint is merely an individualized challenge to the VA's decision to deny him benefits. As such, Plaintiff's claim is an improper challenge to the denial of VA benefits.

The HUD–VASH program combines HUD rental assistance for homeless veterans with case management and clinical services provided by the VA at its medical centers.[1] While the HUD–VASH program is generally administered pursuant to the HUD Housing Choice Voucher program (HVC), 24 C.F.R. § 982.1 (2010), the HUD–VASH program allows HUD to waive or specify alternative requirements for any provision of any statute or regulation that HUD administers in connection with the program in order to "effectively administer and deliver" HUD–VASH voucher assistance "in accordance with Congressional intent." 73 Fed.Reg. 25026, 25027 (May 6, 2008).

Notably, *participation* in the program is regulated by the VA national office. *See id.* (explaining case management requirements). As such, the denial of benefits is within the purview of the Secretary of Veterans Affairs, who "shall decide all questions of law and fact necessary to a decision ... under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a) (2006). In addition, "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court." *Id.* However, a denial of benefits is appealable to the Board of Veterans' Appeals, whose ruling

---

**1.** The HUD–VASH program was authorized pursuant to Division K, Title II, of the Consolidated Appropriations Act of 2008, Pub.L. 110–161 (Dec. 26, 2007). The program is detailed in *Section 8 Housing Choice Vouchers: Implementation of the HUD–VA Supportive Housing Program,* 73 Fed.Reg. 25026, 25026–25028 (May 6, 2008).

becomes the final decision of the Secretary. 38 U.S.C. § 7104(a) (2006). Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals. 38 U.S.C. §§ 7251, 7252(a), 7266(a) (2006). Decisions of the Court of Veterans Appeals are in turn appealable solely to the United States Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292(a) (2006), which has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2006). Finally, the judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court by writ of certiorari. *Id.*

The Court finds that the VA's denial of assistance to Plaintiff was made under a law that affects the provision of benefits by the Secretary of Veterans Affairs. Although Plaintiff attempts to fashion his case in constitutional terms, his complaint is merely an individualized challenge to the VA's decision to deny him benefits.[2] *See Zuspann v. Brown,* 60 F.3d 1156, 1159 (5th Cir.1995) (holding that federal district courts "do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." (quoting *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2nd Cir.1994))). Plaintiff is entitled to appeals as previously described, however, the Court does not have subject matter jurisdiction to hear this claim.

### 2. Constitutional Tort

To the extent that Plaintiff's claim can be construed as a constitutional tort, his claim must also be dismissed for want of jurisdiction.

Plaintiff proceeds against the U.S. Department of Veterans Affairs and three of its agents in their official capacity. If a government agent is sued in the agent's official capacity, the suit is in essence one against the government. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Southern Sog, Inc. v. Roland,* 644 F.2d 376, 380 (5th Cir.1981) (citing *Unimex, Inc. v. United States,* 594 F.2d 1060, 1061 (5th Cir.1979)). These claims are thus regarded as having been asserted against the United States for the purpose of sovereign immunity analysis. "Under [the] principle of sovereign immunity, the United States may not be sued except to the extent it consents by statute; any waiver of immunity must be *unequivocally expressed,* with all uncertainties being resolved in favor of the government." *Boehms v. Crowell,* 139 F.3d 452, 463 (5th Cir.1998) (citations omitted) (emphasis in original).

The existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Further, "no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." *Hussain v. Boston Old Colony Ins. Co.,* 311 F.3d 623, 629 (5th Cir. 2002) (quoting *Koehler v. United States,* 153 F.3d 263, 265–66 (5th Cir.1998)).

---

2. The Fifth Circuit, in *Zuspann,* 60 F.3d at 1158, states that the determination of whether a district court correctly dismisses a case under § 511(a) is whether: (1) there is a facial attack on the constitutionality of an act of Congress or (2) whether the plaintiff is challenging a decision denying him benefits. District courts have jurisdiction over the former but not the latter. *See id.*

In 1946, Congress passed the Federal Tort Claims Act (FTCA), which waived the sovereign immunity of the United States for certain torts committed by federal employees. 28 U.S.C. §§ 2671, et seq., 1346(b) (2006). Section 1346(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. *Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). These include, *inter alia,* "private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimants in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson,* 546 U.S. 43, 44, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005) (quoting 28 U.S.C. § 1346(b)(1)).

■■ Constitutional tort claims are not "cognizable" under Section 1346(b) because the section does not provide a cause of action for such a claim. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that action for monetary damages against the United States for violation of constitutional rights is not authorized). To be actionable under Section 1346(b), a claim must allege, that the United States "would be liable to the claimant" as "a private person," "in accordance with the law of the place where the act or omission occurred." *Id.* A constitutional tort claim could not contain such an allegation. As a result, to the extent that Plaintiff's claim can be construed as a constitutional tort, the claims must be dismissed for want of jurisdiction.[3]

### C. FTCA Claim

In Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" [hereinafter Mot. to Dismiss] (Docket No. 36), Defendants argue that, to the extent that Plaintiff's Complaint is construed as asserting a claim under the FTCA, it should be dismissed as premature due to Plaintiff's failure to exhaust administrative remedies. Mot. to Dismiss 9. However, Plaintiff has not asserted a claim under the FTCA in the above-captioned cause. As a result, the Court does not address the merits of this claim.

### D. Additional Claims
### 1. Plaintiff's Response to Defendant's Motion to Dismiss

On July 27, 2010, Plaintiff filed his "Motion Denying Defendant [sic] Motion to Dismiss and Motion for Summary Judgment" [hereinafter Mot. Denying]. Docket No. 37. Therein, Plaintiff added two new claims to the instant case: (1) a 42 U.S.C. § 1983 claim alleging Defendant violated Plaintiff's equal protection rights under the Fourteenth Amendment and (2) a claim alleging intentional infliction of emotional distress. Mot. Denying 2. Plaintiff also described a 42 U.S.C. § 1983 claim alleging Defendants violated his due process right under the Fifth Amendment, thereby merging his two claims in his original Complaint.

Federal Rule of Civil Procedure Rule 15(a) pertains to amendments made to pleadings before trial. Rule 15(a)(2) states that, as in the instant case, "a party may amend its pleading only with the opposing

3. A *Bivens* cause of action is not appropriate in this matter either because the federal officials were sued in their official capacity. *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (holding that federal officials can be sued personally for money damages for the alleged violation of constitutional rights stemming from official acts. Federal officials can also be subjected to claims against them in their individual capacity for official acts based upon state common law, statutory provisions and professional licensing matters.).

party's written consent or the court's leave." Plaintiff has failed to do either. As such, his new claims are improper. However, even if the aforementioned claims were proper, the Court is of the opinion that they would be without merit.

■ As previously shown, 42 U.S.C. § 1983 claims cannot be properly brought against federal agencies or its agents. Likewise, the Fourteenth Amendment applies to actions taken by states, not the federal government. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.,* 483 U.S. 522, 543 n. 21, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987) ("The Fourteenth Amendment applies to actions by a State. The claimed association in this case is between the [defendant] and the Federal Government. Consequently, the Fourteenth Amendment does not apply."). As such, a 42 U.S.C. § 1983 claim alleging a Fourteenth Amendment violation is not a claim for which the Court can grant relief.

■ Finally, intentional infliction of emotional distress is analyzed under Texas law. To prevail on this claim Plaintiff would have to prove the following: (1) that Defendants acted intentionally or recklessly, (2) that Defendants' conduct was extreme and outrageous, (3) that the actions of Defendants caused Plaintiff emotional distress, and (4) that the emotional distress suffered was severe. *Johnson v. Merrell Dow Pharmaceuticals,* 965 F.2d 31, 33 (5th Cir.1992) (citation omitted). "Outrageous conduct" has been defined by the Fifth Circuit as, "conduct ... so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Dean v. Ford Motor Credit Co.,* 885 F.2d 300 (5th Cir.1989). Accordingly, this Court is of the opinion that the denial of HUD–VASH benefits under the present circumstances would not meet the standard for intentional infliction of emotional distress under Texas law.

### 2. Plaintiff's Sanctions Motion

On August 23, 2010, Plaintiff filed his "Emergency Motion for Sanction [sic] and Injunction [sic] Relief" [hereinafter Mot. for Sanctions]. Docket No. 43. Therein, Plaintiff contends that Assistant U.S. Attorney Eduardo Castillo interfered with his FTCA claim by advising the Department of Veterans Affairs not to settle the administrative claim filed by Plaintiff, "for the sole purpose of preventing [P]laintiff from being able to retain a [sic] attorney to represent [P]laintiff before the U.S. District Court." Mot. for Sanctions 2. Plaintiff also contends that AUSA Castillo interfered with an "administrative claim involving the U.S. Custom [sic] and Border Protection, which lawsuit was filed in the U.S. District Court." *Id.*

Aside from being conclusory, these sanction claims relate to conduct unrelated to proceedings in the above-captioned cause. As stated previously, the FTCA claim is not before the Court, and neither is the "administrative claim" involving the U.S. Customs and Border Protection. As such, the sanctions claims are inappropriate in this case.

## VI. CONCLUSION

In the above-captioned cause, Plaintiff's first claim challenges the denial of HUD–VASH benefits administered by the VA under 42 U.S.C. § 1983. However, Plaintiff fails to state a claim for which relief can be granted.

Plaintiff's second claim alleges constitutional violations resulting from the denial of benefits under the HUD–VASH program. The Court finds that, while Plaintiff attempts to fashion his case in constitutional terms, his complaint is merely an individualized challenge to the VA's deci-

876

sion. Therefore, jurisdiction for this claim lies exclusively with the Board of Veterans' Appeals.

Consequently, the Court is of the opinion that Plaintiff's aforementioned claims should be dismissed with prejudice.

Accordingly, **IT IS ORDERED** that Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Docket No. 36), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Michael C. Smart's claims are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk shall **CLOSE** the case.