# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60376
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2016

Lyle W. Cayce
Clerk

MASTHANAIAH MEEJURU,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 681 476

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Indian national Mastanaiah Meejuru petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order finding him removable and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  He argues that his asylum application should not have been denied as untimely because he demonstrated exceptional circumstances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

related to his delay.  He further argues that he demonstrated his eligibility for withholding of removal.

Meejuru briefs no argument challenging the denial of his application for relief under the CAT, nor does he renew his argument that he is entitled to withholding of removal based on his political opinion.  Those claims are therefore deemed abandoned. *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

As he did before the BIA, Meejuru urges that he suffered from depression and mental incapacitation and was psychologically and physically controlled by others for many years, which constituted exceptional circumstances warranting his untimely asylum application.  Because Meejuru asks this court to review the IJ's and BIA's assessment of the facts surrounding the timeliness of his asylum application, this court lacks jurisdiction to consider his claim. *See Nakimbugwe v. Gonzalez*, 475 F.3d 281, 284 & n.1. (5th Cir. 2007); *see also Zhu v. Gonzalez*, 493 F.3d 588, 596 (5th Cir. 2007); 8 U.S.C. § 1158(a)(2), (a)(3). Accordingly, to the extent that the petition for review challenges the denial of asylum, it is DISMISSED.

In a somewhat related claim, Meejuru argues that he suffered from mental disabilities which prevented him from adequately representing himself and that the IJ's failure to inquire into the issue of his incompetency violated his due process rights.  The BIA concluded that the claim was without any evidentiary support in the record, and Meejuru abandons any challenge to that conclusion by failing to brief it. *See Thuri*, 380 F.3d at 793.  Even had he briefed the argument, it would fail.  As the BIA found, the medical evidence in the record reveals only physical ailments, not any psychological impairment. Meejuru's conclusional assertion that he was incompetent is insufficient to establish a due process violation or to show that the BIA erred in rejecting his

No. 15-60376

claim of incompetency.  *See United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993); *see also Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

The thrust of Meejuru's petition for review is that the denial of withholding of removal was error because he demonstrated past persecution due to his caste and his habit of "operating above his status," as well as a likelihood of future persecution based on his low-caste status.  For the first time, he appears to assert that his adoption of American behaviors, combined with his caste and non-Hindu religious practices,[1] makes him a target for future persecution.  This court will not consider the newly raised claim as it was not properly exhausted before the BIA.  *See* 8 U.S.C. § 1252(d)(1); *see also Omari v. Holder*, 562 F.3d 314, 323 (5th Cir. 2009).

Substantial evidence supports the BIA's and IJ's determination that Meejuru had not suffered any past persecution, as his own testimony established that any harassment or violence he experienced resulted from a personal dispute, *see Adebisi v. INS*, 952 F.2d 910, 913 (5th Cir. 1992), and any business discrimination he alleged was not sufficiently severe so as to be considered persecution.[2]  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *see also Wang*, 569 F.3d at 537.  Substantial evidence likewise supports the determination that Meejuru has not shown a likelihood of future persecution.  Although he submitted documentary evidence indicating that members of India's lowest caste face impediments to social advancement and social services and have been subjected to sporadic violence, particularly in rural areas, the BIA determined that the evidence did not show that the

---

[1] Meejuru has withdrawn his independent claim that he is entitled to withholding of removal based on his religious practices, specifically stating in his appellate brief that he "does not claim that . . . being Jewish per se would cause persecution."

[2] Meejuru's claim that he showed past persecution based on death threats, raised for the first time in his reply brief, will not be considered.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

No. 15-60376

incidents were so widespread as to establish that it is more likely than not that Meejuru will experience such harm on his return. To the contrary, the record evidence shows that Meejuru's family members have not been singled out for persecution, that he personally received an education and benefitted from affirmative action programs, and that he ran a successful business for several years despite his low-caste status. Thus, the evidence does not compel a conclusion contrary to that reached by the BIA. *See Wang*, 569 F.3d at 537. Accordingly, to the extent that the petition for review challenges the denial of withholding of removal, it is DENIED.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.