**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marshall Dewayne WILLIAMS,**
**Defendant-Appellant.**

**No. 86–1478.**

United States Court of Appeals,
Fifth Circuit.

June 23, 1987.

Rehearing and Rehearing En Banc
Denied July 22, 1987.

Erik S. Goodman, Austin, Tex., for defendant-appellant.

---

Marshall D. Williams, pro se.

Sidney Powell, Terence J. Hart, J. Michael Worley, Asst. U.S. Attys., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, REAVLEY, and POLITZ, Circuit Judges.

THORNBERRY, Circuit Judge:

Marshall Williams appeals the district court's denial of his motion for post-conviction relief. Williams presents two constitutional claims. He first argues that the district court should have held a competency hearing. Williams also argues that he was in fact incompetent. Although similar, those two claims involve two separate rights, one procedural and the other substantive. The district court analyzed and rejected both claims. We affirm.

In June 1984, a federal grand jury indicted Williams for the murder of his stepfather. In July 1984 and before Williams' trial began, Williams' attorneys asked the court to appoint a psychiatrist to evaluate whether Williams was competent to stand trial. Williams' attorneys informed the court that Williams "exhibited reluctance, fear and difficulty in communication of his thoughts and ideas," and that he had attempted suicide more than once while confined in the Dallas County Jail.

Under 18 U.S.C. § 4244[1], the district court appointed Dr. James P. Grigson to examine Williams and determine whether he was competent to stand trial. Dr. Grigson reported to the court that Williams was competent to stand trial. Prior to Dr. Grigson's appointment, a Texas district court appointed Dr. Clay Griffith, a psychiatrist, to determine whether Williams was competent to stand trial on a state murder charge. Dr. Griffith also reported that

Williams was competent. Under section 4244, the determination that Williams was competent rendered a hearing on his competency unnecessary.

In October 1984, a jury convicted Williams. The district court sentenced Williams to life imprisonment on one count as well as two terms of years on the other two counts. Holding that the district court had the power to sentence Williams only for a term of years on the first count, the Fifth Circuit vacated Williams' life sentence, affirmed his conviction in all other respects, and remanded the case for resentencing. *United States v. Williams*, 775 F.2d 1295 (5th Cir.1985).

Shortly after the district court sentenced Williams the first time, Williams' attorneys asked the court to transfer Williams to the federal psychiatric facility at the Springfield Medical Center to determine whether he suffered multiple personality disorder. His attorneys alleged that Williams had exhibited three distinct personalities. Williams' attorneys also attached the psychological evaluations of Dr. Allene Goldman and Dr. Caroline Mitchell. Both psychologists had examined Williams and concluded that he suffered a serious mental illness. According to Dr. Goldman, Williams lacked the capacity to understand quite simple legal issues of cause, effect and consequence. The district court granted the motion and transferred Williams to the Diagnostic and Observation Unit at Springfield. The motion to transfer Williams did not discuss his competency to stand trial.

At Springfield, two psychiatrists and one psychologist filed reports on Williams. The Springfield diagnoses ranged from "Schizophrenia, paranoid type" and "atypical psychosis" to "possible malingering" and "immature personality." Williams claimed to receive brain waves from animals, and the psychiatrists identified "remission of auditory hallucinations" as their

---

[1] At the beginning of Williams' trial, 18 U.S.C. § 4244 embodied the statutory scheme for requesting and conducting competency hearings. In October 1984, Congress rearranged the sections within the chapter covering offenders with mental disease or defect. New section 4241 replaced old section 4244. New section 4241 contains a slightly different procedure than old section 4244. The district court correctly applied new section 4241 when Williams filed his written motion for a competency hearing after the resentencing.

primary goal in treating Williams. When Williams left Springfield in October 1985, Staff Psychiatrist Abdul Ahad noted: "At the time of his transfer, Mr. Williams was competent to take care of his personal, financial, and legal affairs."

On November 13, 1985, the district court resentenced Williams to 99 years in prison. At resentencing, Williams told the district court that the psychiatrists at Springfield had said he was incompetent and asked the district court to conduct a competency hearing. The district court denied that request. On December 12, 1985, Williams submitted a written motion to vacate his sentences and order a competency examination and hearing. Williams attached his psychiatric and psychological records from Springfield to that motion. The district court applied section 4241 [2] and concluded that Williams had shown no reasonable cause to believe that he was incompetent.

Williams next sought post-conviction relief under 28 U.S.C. § 2255. Williams raised two separate claims: (1) that the district court erred by not holding a competency hearing and (2) that he was in fact incompetent during the trial. The district court rejected both claims and denied that motion without a hearing. Williams appeals that denial.

### Discussion

*Issues on Appeal*

■ Williams first argues that the district court violated section 4241 by not holding a hearing. Williams' current appeal, however, attacks his conviction collaterally under 28 U.S.C. § 2255. The Fifth Circuit has specifically held that, *in and of themselves*, violations of old section 4244 (new section 4241's predecessor) are not cognizable under section 2255. *See Floyd v. U.S.*, 365 F.2d 368, 374–75 (5th Cir.1966); *see also U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981).

Williams can raise two closely related issues in his section 2255 proceeding.

One is that the evidence before the trial court presented a "bona fide doubt" as to

his competency and therefore the court was required to hold a competency hearing before proceeding with trial. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Alternatively, a habeas petitioner may collaterally attack his conviction by showing that at the time of trial he was incompetent in fact. *Johnson v. Estelle*, 704 F.2d 232, 238 (5th Cir.1983); *see also Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir.1980) (explaining difference between the procedural and substantive rights).

*Standard of Review*

■ In *Maggio v. Fulford*, the Supreme Court summarily reversed the Fifth Circuit for not granting sufficient deference to a Louisiana court's determination that a criminal defendant was not entitled to a competency hearing. 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983). The Court applied the "fairly supported by the record" standard of 28 U.S.C. § 2254(d)(8) to the question under *Pate* of the defendant's competency. In other words the question of the defendant's competency is a question of fact as opposed to a mixed question of law and fact or a question of law. *See id.* 103 S.Ct. at 2264–65 (White, J. concurring in the judgment); *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985). In *Fulford*, the trial court found the defendant competent without a hearing, in the face of a psychiatric report that defendant was incompetent, and on the basis of the defendant's demeanor at trial. The district court here relied on exactly the same types of evidence.

*Procedural Right*

The *Pate* question asks:
Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense.

2. *See supra* note 1.

"While the Supreme Court has not articulated a general standard for the nature or quantum of evidence necessary to trigger a competency procedure, it has focused on three factors that should be considered: the existence of a history of irrational behavior, defendant's demeanor at trial, and a prior medical opinion."

*Lokos*, 625 F.2d at 1261 (quoting *Chenault v. Stynchcombe*, 546 F.2d 1191, 1192–93 (5th Cir.1977)). The district court's duty to conduct a *Pate* hearing continued through the resentencing and included Williams' post-resentencing motion under section 4241.[3] *See Felde v. Butler*, 817 F.2d 281 (5th Cir.1987); *Zapata v. Estelle*, 588 F.2d 1017, 1020 n. 2 (5th Cir.1979).

In an order dated January 21, 1986, the district court denied Williams' written motion for a competency hearing. In that order, the district court recited the "reasonable cause" standard of section 4241 and found no reasonable cause to believe Williams was incompetent at the time of his resentencing. He relied on three pieces of evidence. The district court first noted his colloquy with Williams at the resentencing. According to the district court, that colloquy illustrated the defendant's ability to understand the nature and consequences of the proceedings. Second, the district court relied on a letter dated December 11, 1985, from Williams to his attorney, which "set[] forth with surprising clarity the defendant's assessment and understanding of his legal situation." Third, the district court relied on the opinion of Dr. Abdul Ahad, who stated that at the time of Williams' transfer from Springfield medical unit Williams was "competent to take care of his personal, financial, and legal affairs." The district court concluded:

It seems apparent from the records of Mr. Williams presented to the court that he may have, or at one time may have had, mental problems. Mental illness

does not *per se*, however, render one incompetent. Rather, it must further be determined that the mental illness renders the defendant "unable to understand the nature and consequences of the proceedings against him" or renders him unable to "assist properly in his defense."

Based upon the evidence before the court, there is no "reasonable cause" to believe that the defendant is incompetent. Accordingly, another examination of the defendant is not warranted. The court has an adequate record before it to allow it to make a decision on the defendant's competency. The court finds the defendant is competent.

Williams' section 4241 motion presented all the Springfield evidence to the district court, and the district court nevertheless concluded that there was no reasonable cause to believe Williams was then incompetent. Williams' section 2255 motion presented no evidence to the district court that it did not have when it denied Williams' section 4241 motion.

■ The trial court's disposition of Williams' section 4241 motion is not at issue on appeal. Nevertheless, the "reasonable cause" test of section 4241 closely resembles tests upheld as constitutionally adequate by the Supreme Court. *See Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975); *Pate*, 86 S.Ct. at 842. Moreover, the evidence before the district court was exactly the same when it denied the section 4241 motion as when it denied the section 2255 motion. *Fulford* requires substantial deference to the trial court's competency evaluation. Specifically, *Fulford* instructs that a trial court may disbelieve a psychiatric report that casts doubt on a defendant's competence to stand trial on the basis of its own observation of the defendant. After re-

---

**3.** In other words, if Williams' section 4241 motion created reasonable cause to believe Williams incompetent at resentencing, then *Pate* required the district court to conduct a hearing. The district court's order denying Williams' section 2255 motion incorrectly implied that it did not have to consider evidence not presented at trial. In denying Williams' section 4241 mo-

tion, however, the district court considered all of the evidence presented in his subsequent 2255 motion and found no reasonable cause to believe Williams incompetent. Because the district court's order denying the 2255 motion incorrectly assessed the *Pate* time frame, we rely solely on the factual findings in the section 4241 order.

viewing the Springfield reports, the trial court found no reasonable cause to believe Williams incompetent. The district court's factual finding is not clearly erroneous. The district court complied with *Pate*.

### Substantive Right

Williams also alleges that even if the district court did not err by denying him a competency hearing, he is now entitled to a retrospective competency hearing because he raises a substantial doubt about his competency during the trial.

> [W]hen a prisoner, either state or federal, seeking post-conviction relief, asserts, with substantial facts to back up his allegation, that at the time of trial he was not mentally competent to stand trial, and that there was no resolution of that precise issue before he was tried, convicted and sentenced, the protection of the Fourteenth Amendment to the Constitution requires that such conviction and sentence be set aside unless upon adequate hearing it is shown that he was mentally competent to stand trial.

*Lee v. Alabama*, 386 F.2d 97, 105 (5th Cir.1967) (en banc). The petitioner must present facts sufficient "to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to [his] mental capacity ... to meaningfully participate and cooperate with counsel...." *Bruce v. Estelle*, 483 F.2d 1031, 1043 (5th Cir.1973). The Fifth Circuit has characterized that burden as "extremely heavy." *Johnson*, 704 F.2d at 238.

 In his substantive claim, Williams can rely on evidence that developed after his resentencing (*i.e.*, outside the relevant time frame for the *Pate* claim). Williams, however, submitted no new evidence with his section 2255 motion. The evidence available to the district court when it denied Williams' section 4241 motion did not create reasonable cause to doubt Williams' competence to stand trial. That same evidence cannot bear the extremely heavy burden of proving a "real, substantial and legitimate doubt" about Williams' competence.

### Conclusion

In denying Williams' section 4241 motion, the district court correctly stated the "reasonable cause" standard and found that Williams had not satisfied it. That finding is not clearly erroneous, and we therefore affirm the district court's denial of Williams' section 2255 motion.

AFFIRMED.