United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-11204

_____

UNITED STATES OF AMERICA

                                    Plaintiff - Appellee

        v.

MARSHALL DEWAYNE WILLIAMS

                                    Defendant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 3:84-CR-0148-G

_____

Before KING, Chief Judge, and SMITH and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

        Appellant was convicted of violating 18 U.S.C. § 844(i), the

federal arson statute.  He subsequently brought a motion under

former Federal Rule of Criminal Procedure 35(a), arguing both

that his sentence is not authorized by the relevant sentencing

statute and that the original trial court lacked subject matter

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

jurisdiction. Both claims were denied by the district court. He appeals the district court's order. We affirm as to both issues.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 1984, Williams was convicted in federal district court on three counts relating to his planting a pipe-bomb in a newspaper vending machine. The pipe-bomb exploded, killing Williams's stepfather. Count One, the subject of this appeal, was based on Williams's violation of 18 U.S.C. § 844(i).[1] It charged him with maliciously destroying a coin-operated newspaper dispenser by means of an explosion that resulted in the death of another. Counts Two and Three charged Williams with

---

[1] At the time of the offense, the relevant portion of 18 U.S.C. § 844(i) stated:
> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both; . . . and if death results . . . shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment as provided in section 34 of this title.

18 U.S.C. § 844(i) (1988) (repealed 1994).

The relevant portion of 18 U.S.C. § 34 stated:
> Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life, if the jury shall in its discretion so direct . . . .

18 U.S.C. § 34 (1988) (repealed 1994).

illegally possessing a firearm and illegally constructing a firearm, respectively.

On December 12, 1984, Williams was sentenced to life imprisonment on Count One. He was sentenced to ten years' imprisonment on both Counts Two and Three. The sentences on Counts Two and Three were ordered to be served concurrently with each other but consecutively to the sentence for Count One.

On direct appeal, Williams challenged several issues arising from the trial. The most notable of these was his contention that the statutory scheme allowed for the imposition of a life sentence only at the jury's discretion. At the time of Williams's conviction, § 844(i) provided that where death results from the malicious destruction of property used in interstate commerce, the defendant is "subject to imprisonment for any term of years, or to the death penalty or to life imprisonment as provided in section 34 of this title." 18 U.S.C. § 844(i) (1988) (repealed 1994). Section 34, in turn, dictated that the defendant "shall be subject also to the death penalty or to imprisonment for life, if the jury shall in its discretion so direct." 18 U.S.C. § 34 (1988) (repealed 1994). Since the issue of punishment was never presented to the jury, Williams claimed that the court did not have the power to sentence him to a life sentence.

This court agreed with Williams's contention that the court could not sentence him to life imprisonment, finding that

3

"[a]bsent the recommendation of the jury, this sentence was improper and must be vacated and the cause remanded to the district court for resentencing." United States v. Williams, 775 F.2d 1295, 1299 (5th Cir. 1985). All other aspects of the original sentence were affirmed. Id. at 1303. On remand, the district court sentenced Williams to ninety-nine years on Count One. At that time, he did not appeal the sentencing decision made on remand.

On April 21, 2003, Williams filed a motion under Rule 35(a) of the Federal Rules of Criminal Procedure. He brought the motion under a former version of Rule 35(a) that still applies to offenses committed before Rule 35(a) was amended in November of 1987. United States v. Pineda, 988 F.2d 22, 23 n.2 (5th Cir. 1993). The pre-1987 rule states that a "court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[2] Id. (citing the prior version of Rule 35(a)).

Williams challenged the legality of his sentence on two grounds. First, he argued that in light of the Supreme Court's recent Commerce Clause decisions, particularly Jones v. United States, 529 U.S. 848 (2000), § 844(i) could not constitutionally

---

[2] All subsequent references to Rule 35(a) are to this prior version.

be applied to his conduct, a problem that (as he argues) left the district court without subject matter jurisdiction. Williams's second ground of attack was that the ninety-nine year sentence imposed on remand from this court is functionally equivalent to life imprisonment and thus runs afoul of the requirement in 18 U.S.C. § 34 that such a punishment can only be given by a jury. The district court considered these arguments and denied relief on both claims.

Williams now appeals the district court's disposition of his Rule 35(a) motion. Pursuant to 28 U.S.C. § 1291, this court has jurisdiction to hear the appeal.

## II.  ANALYSIS

### A.  The Jurisdictional Claim.

Rule 35(a) serves a limited purpose. Its narrow function is to "permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill v. United States, 368 U.S. 424, 430 (1962) (emphasis in original); see also United States v. Prestenbach, 230 F.3d 780, 782 (5th Cir. 2000) ("a defendant cannot challenge his conviction; he can only challenge his sentence"). The disposition below of Williams's jurisdictional claim must be affirmed because it is not appropriately brought under Rule 35(a). Phrasing his argument as a claim that the district court lacked jurisdiction does not

5

convert what is essentially a challenge to his conviction into a claim that his sentence is illegal.  Williams levels an attack on the underlying conviction and this is an inappropriate claim to bring under Rule 35(a).  Cf. United States v. Lika, 344 F.3d 150, 153 (2d Cir. 2003) ("We need not reach the question of whether a 6(f) violation deprives the court of jurisdiction, because Lika's jurisdictional argument, no less than his other contentions, represents an attack on the underlying conviction and is inappropriately raised in a Rule 35(a) motion.")  For these reasons, we affirm the district court's order holding that Williams's "jurisdictional" claim is not the proper subject of a Rule 35(a) motion.

**B.  The Term of Incarceration.**

While the first issue Williams raised on appeal is not properly brought under Rule 35(a), this rule is the correct vehicle for Williams's claim regarding the duration of his sentence and the allegedly fatal flaw in the manner in which it was imposed: he directly argues that the sentence imposed upon him by the judge, ninety-nine years, is the equivalent of a life sentence and that the judge was not authorized by the applicable sentencing statute to impose a life sentence except upon the recommendation of a jury.  As there are no other procedural bars to our consideration of Williams's second claim, we proceed to consider the merits of his argument.

Following the plain meaning of the statute, it is clear that Williams's sentence does not violate the jury directive. Section 844(i) delegates a great deal of discretion to the trial judge in sentencing a defendant. The statute clearly states that a defendant may be sentenced by a judge to any number of years. A ninety-nine year sentence unquestionably falls within this broad proclamation. Thus, the sentence is unobjectionable. In addition to the plain language of the statute, it is important to consider that adding qualifications to the capacious meaning of the word "any" renders the word superfluous. In interpreting statutes, it is desirable to give every word independent meaning.

Most courts that have considered the issue before us have chosen to look beyond the plain meaning of § 844(i), but they have done so in a different context, specifically in the context of sentences imposed under the United States Sentencing Guidelines. They have found that a sentence for a term of years beyond the defendant's life expectancy violates the statutory scheme. United States v. Grimes, 142 F.3d 1342, 1352 n.12 (11th Cir. 1998) ("[i]t is true, as Grimes contends, that circuit courts considering the application of the pre-1994 versions of § 884(i) [sic] and § 34 have consistently concluded that only a jury had authority to impose a life sentence and that the judge could only impose a sentence for a term of years less than life."); United States v. Tocco, 135 F.3d 116, 131-32 (2d Cir. 1998) (affirming a lower court decision on the issue); United

7

States v. Gullett, 75 F.3d 941, 950-51 (4th Cir. 1996); United States v. Prevatte, 66 F.3d 840, 843-44 (7th Cir. 1995); United States v. Martin, 63 F.3d 1422, 1433-34 (7th Cir. 1995).

The courts that have looked beyond the plain meaning of the statutory scheme have taken the view that in adding the jury directive, Congress evinced a clear desire to add restrictions and conditions on a court's ability to sentence a defendant to life. Allowing a trial judge to sentence a defendant to a number of years that is the functional equivalent of a life sentence would do violence to Congress's intent and would render the jury directive a nullity. See, e.g., Gullett, 75 F.3d at 950-51; United States v. Ferranti, 928 F. Supp. 206, 216 (E.D.N.Y. 1996), aff'd sub nom United States v. Tocco, 135 F.3d 116 (2d Cir. 1998) ("[a] sentence lasting beyond defendant's expected lifetime would circumvent the jury directive requirement of 18 U.S.C. § 34 . . . .").

What distinguishes Williams's case from this line of cases is Williams's eligibility for parole.[3] The federal parole system was repealed effective November 1, 1987. 18 U.S.C. § 4201 (2000). However, a prisoner who committed his offense before that date is still eligible for parole under the old system. In

_____

[3] Since Williams is eligible for parole, we need not, and explicitly do not, express any opinion on how the prior versions of 18 U.S.C. §§ 844(i) and 34 should be interpreted for those defendants who are ineligible for parole.

his concurrence in Prevatte, then-Chief Judge Posner suggested that an important reason for ensuring that the defendant received a sentence for a term of years less than life was the repeal of the federal parole system in 1987.  He reasoned that since in a parole system, "a term of years means what the parole board wants it to mean. . . . A sentence to a term of years, no matter how long, was not a sentence of life imprisonment. . . ."  Prevatte, 66 F.3d at 846 (7th Cir. 1995)(Posner, C.J., concurring).

Under the parole system, there is little chance that Williams will serve his entire ninety-nine year sentence. Indeed, Williams is already eligible for parole.  See 18 U.S.C. § 4205(a) (2000).  Additionally, the parole provisions provide that prisoners are presumptively[4] paroled "after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years . . . ." 18 U.S.C. § 4206(d) (2000).  Following this statute and assuming compliance with its conditions, Williams will serve, at most, thirty of the ninety-nine years to which he was sentenced for his violation of § 844(i).[5]  If we accept

---

[4]  Under 18 U.S.C. § 4206(d), this presumption applies unless the Parole Commission finds that the prisoner: (1) has committed serious or frequent violations of institutional rules, or (2) is likely to commit a Federal, State, or local crime if paroled.

[5]  Williams still must serve his ten-year concurrent sentences from Counts Two and Three.  However, any time he may have to serve for these sentences is irrelevant to the analysis of his sentence for violating § 844(i).

9

*arquendo* Williams's invitation to factor into our analysis his life expectancy at the time of his sentencing, Williams was twenty-two years old when he was sentenced.  His life expectancy was (as he recognizes) approximately sixty-seven years.[6]  This means that the portion of his incarceration attributable to his violation of § 844(i) will conclude when he is, at the oldest, fifty-two years old.  This leaves him with approximately fifteen more years of expected life outside of jail.  Because Williams's eligibility for parole means he will fulfill his sentence within the term of his life expectancy, it is impossible to conclude (accepting *arquendo* his argument) that his ninety-nine-year sentence is the functional equivalent of him spending the rest of his life in prison.

## CONCLUSION

For the foregoing reasons, the order of the district court denying Williams's Rule 35 motion is AFFIRMED.

---

[6] Nat'l Ctr. for Health Statistics, U.S. Dep't of Health & Human Servs., Health, United States, 2003, 133 tbl. 27 (2003) (indicating that a Caucasian male born in 1960 has a life expectancy of 67.4 years at birth).