# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-40816
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AMIR MOGHADDAM, also known as Houshi

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-700-3

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Amir Moghaddam of conspiring to possess with intent to distribute one or more kilograms of heroin and possession of more than 100 grams but less than one kilogram of heroin with intent to distribute, in violation of 18 U.S.C. §§ 841, 846 (2002). On appeal, Moghaddam contends that the district court erred in three respects: (1) by denying him the opportunity to testify and consult with his attorney before finding him competent to stand trial;

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) by finding him competent to stand trial; and (3) by denying him a third competency hearing after his trial began. We affirm.

The conviction of a mentally incompetent defendant violates the Due Process Clause of the United States Constitution. Pate v. Robinson, 383 U.S. 375, 378 (1966). A defendant is competent to stand trial if he "has a rational as well as factual understanding of the proceedings against him"; "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding"; and the capacity "to assist in preparing his defense." Indiana v. Edwards, 128 S. Ct. 2379, 2383 (2008) (quotation marks omitted). Once the defendant's competency has been called into question, the burden is on the prosecution to show by a preponderance of the evidence that the defendant is competent to stand trial. United States v. Makris, 535 F.2d 899, 906 (5th Cir. 1976).

The record demonstrates that the district court did not deprive Moghaddam of the opportunity to testify and consult with his attorney at the hearing where he was deemed competent to stand trial. In fact, just the opposite is true; Moghaddam did receive the opportunity to consult with his attorney and testify as to his competency. Moghaddam, however, told the court that he wanted to consult with his attorney not to discuss his competency, but to discuss general matters in a convenient environment where their conversations would not be recorded. Ultimately, it was Moghaddam who chose not to testify so as to "get on with the case." Moghaddam has failed to demonstrate that the district court erred in this respect.

Likewise, the district court did not err by finding Moghaddam competent to stand trial. A district court's competency determination, a mixed question of law and fact with "direct constitutional repercussions," is reviewed for clear error. Makris, 535 F.2d at 907. The determination "may not be set aside on review unless it is clearly arbitrary or unwarranted." United States v. Dockins, 986 F.2d 888, 890 (5th Cir. 1993). The first expert to evaluate Moghaddam

concluded that 120 days of inpatient psychiatric treatment would be adequate time to achieve "good symptom relief" and "stabilization," particularly for someone like Moghaddam who, according to the expert, "has the underlying cognitive and even emotional abilities" to be competent to stand trial. The expert psychologist who subsequently oversaw Moghaddam's inpatient treatment concluded that he was competent upon completing his 120 days of treatment. The district court also heard expert testimony that, in some respects, Moghaddam had exaggerated his symptoms. Based on the record, we cannot find that the district court's competency determination was clearly arbitrary or unwarranted.

Finally, the district court did not err by failing to hold a third competency hearing for Moghaddam after his trial began. A defendant has a right to a competency hearing if "'the trial judge receive[s] information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competency and alerted [the trial judge] to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense.'" United States v. Williams, 819 F.2d 605, 607 (5th Cir. 1988) (quoting Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir. 1980)). There is no "'general standard for the nature or quantum of evidence necessary to trigger a competency procedure.'" Id. at 608 (quoting Lokos, 625 F.2d at 1261). This court does, however, consider three factors in determining whether a competency hearing is required: "'[1] a history of irrational behavior, [2] the defendant's demeanor at trial, and [3] a prior medical opinion.'" Id. (quoting Lokos, 625 F.2d at 1261). Here, Moghaddam did have some history of irrational behavior. It was because of his irrational behavior that the district court ordered Moghaddam to receive 120 days of inpatient psychiatric treatment. However, after Moghaddam completed his treatment, the district court heard expert testimony that Moghaddam was competent to stand trial. Furthermore, the district court found Moghaddam's "rather dramatic theatrics" before the jury

incredible. The district court noted the convenient and particularly disruptive timing of Moghaddam's "feigned" dizzy spell during the Government's opening statement. The district judge was in the best position to evaluate Moghaddam's conduct at that moment and assess whether his behavior was genuine or a contrivance. Considering the aforementioned factors and facts, we find no error in the district court's denial of a third competency hearing.

The judgment of the district court is AFFIRMED.