# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS O. BLAKE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CR-34

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Thomas O. Blake appeals from the revocation of his supervised release. He contests the revocation proceedings at which he was found to have violated multiple conditions of his supervised release and was sentenced to 10 months of imprisonment and no additional term of supervised release.

Blake contends that the district court erred by not sua sponte ordering a competency hearing, which was merited in light of his history of mental health

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issues, his prior adjudication of incompetence, his irrational behavior, and his conduct during the revocation proceedings.  He further contends that his trial counsel rendered ineffective assistance by failing to investigate his competency and seeking a mental health evaluation.  The Government concedes that the district court erred by not holding a competency hearing and agrees that the judgment should be vacated and the case remanded for a competency hearing. We review for abuse of discretion whether the district court erred in not sua sponte holding a competency hearing.  *See United States v. Davis*, 61 F.3d 291, 303 (5th Cir. 1995).

The record contains evidence that would have given the district court reasonable cause to believe that Blake might be unable to meet the standard of competence to proceed with the revocation proceeding.  *See United States v. Ruston,* 565 F.3d 892, 904 (5th Cir. 2009); *United States v. Williams*, 819 F.2d 605, 607 (5th Cir. 1988); 18 U.S.C. § 4241(a).  There were medical opinions that supported the possibility that Blake, who was previously found incompetent in the criminal proceeding, suffered from a mental defect or illness that might render him incompetent.  While Blake ultimately was found competent, there was evidence that his mental health had to be monitored to insure that it did not impair his ability to make future decisions or assist counsel.  Also, concerns remained about Blake's mental health after his release from prison, during which his condition possibly deteriorated.  After Blake previously violated his supervised release terms, the district court imposed further conditions that required him to participate actively in mental health treatment and take prescribed psychotropic medication; he did not comply with these terms and, during his period of noncompliance, appeared to act erratically.  He also acted inconsistently at the instant revocation hearing, and the district court, in light of its apparent concern about Blake's mental health, recommended that he be

No. 14-31191

housed in a psychiatric facility where he could receive proper treatment for his "condition."  Blake presently is housed in Federal Medical Center Devins.

Thus, the record seemingly contains evidence that would have raised a reasonable doubt as to whether Blake was competent to proceed.  *See Williams*, 819 F.2d at 607; § 4241(a).  Accordingly, the district court abused its discretion in not sua sponte conducting a competency hearing.  *See Davis*, 61 F.3d at 303.  The district court's judgment is vacated, and this case remanded to the district court to determine whether a competency hearing should be conducted and, if so, whether Blake is competent to proceed.  *See United States v. Ruston*, 565 F.3d 892, 904 (5th Cir. 2009); *United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987).  Given our vacatur of Blake's judgment, we do not address his assertion of ineffective assistance of counsel.

JUDGMENT VACATED; CASE REMANDED.