# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60694
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GAIL OWENS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CR-69-3

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gail Owens appeals her guilty plea conviction and 240-month sentence for possession with the intent to distribute oxycodone, a Schedule II narcotic drug controlled substance. *See* 21 U.S.C. § 841(a)(1). The Government moves to dismiss or for summary affirmance. We dismiss the appeal as barred by the appeal waiver in Owens's plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60694

The Government contends that Owens's appeal should be dismissed because her plea agreement contains an appeal waiver, and her plea was knowing and voluntary. The Government further contends that Owens was sufficiently competent to enter her plea. Owens argues that her appeal waiver is not enforceable because her plea was not knowing and voluntary. Specifically, Owens argues that she lacked the mental capacity to weigh and understand the long term consequences of her decision to plead guilty because, among other things, she is bipolar, she was on medication when she pleaded guilty, and she attempted suicide approximately seven weeks prior to pleading guilty, which caused her to be hospitalized for several days.

The conviction of a mentally incompetent defendant violates the Due Process Clause. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966). A defendant has a procedural due process right to a hearing to determine her competence if the evidence before the district court raises a bona fide doubt about her competency. *See id.* at 385. Under the constitutional standard, a district court should conduct a competency hearing if "the trial judge receive[s] information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense." *United States v. Williams*, 819 F.2d 605, 607 (5th Cir. 1988) (citation omitted); *see Medina v. California*, 505 U.S. 437, 448 (1992) (holding that the key is whether the defendant had "the capacity to participate in [her] defense and understand the proceedings against [her]").

There is no specific "standard for the nature or quantum of evidence necessary to trigger a competency procedure." *Williams*, 819 F.2d at 608 (internal quotation marks and citation omitted). However, this court considers

three factors in determining whether a competency hearing is required: (i) any history of irrational behavior; (ii) the defendant's demeanor at trial; and (iii) any prior medical opinion on competency. *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995) (discussing the constitutional "bona fide doubt" standard).

Owens made no objection with respect to her competency during the guilty-plea hearing and did not seek to withdraw her guilty plea in the district court. Accordingly, the district court's actions are reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To prevail on plain-error review, Owens must show that an error occurred, that the error was plain, which means "clear" or obvious," and that the error affected her substantial rights. *See United States v. Olano*, 507 U.S. 725, 732-35 (1993). This court has the discretion to correct a forfeited error, but will not exercise that discretion unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (internal quotation marks and citation omitted).

At the outset of the plea proceedings, the district court addressed Owens's competence. During the colloquy, the district court established that Owens had completed the "[e]leventh grade, and then a year and a half of college." Asked if she had "been treated recently for any mental illnesses or addictions to alcohol or narcotic drugs of any kind," Owens described her hospitalization following a suicide attempt. When the court asked if she was "currently receiving any treatment," Owens answered: "I'm taking medication." Owens was unable to recall the name of the medicine but said it was prescribed to address her bipolar disorder. Owens assured the court the medication did not "in any way affect [her] ability to understand" the proceedings.

Owens indicated that she understood that she was appearing in court to enter a plea of guilty, and that she understood the seriousness of the proceedings. Owens's counsel expressed to the district court that she had met with Owens and was satisfied with her ability to understand the proceedings and counsel's advice. The Government also raised no issue as to competency. Immediately prior to giving her plea, Owens, once again, indicated that her bipolar disorder and medication did not "in any way, shape or form interfere[] with [her] ability to understand what's going on." At the conclusion of the hearing, the district court found that, "having viewed the defendant in court and considered her demeanor and responses, the defendant is fully competent and capable of entering an informed plea."

Nothing in the plea colloquy demonstrates that Owens was unable to understand the district court's questions or the nature of the proceedings. The transcript reveals that Owens was well-oriented and provided lucid answers to the district court's questions. There is nothing to suggest that Owens was incoherent, agitated, or had any other difficulties. Moreover, neither Owens nor her counsel made any effort to challenge her competency during her plea hearing, or during her sentencing hearing, which occurred approximately four-and-a-half-months later. Nor did Owens make any effort to withdraw her guilty plea for any reason.

Owens's interactions with the district court, the statements made by her counsel and the judge, and Owens's general demeanor at her guilty-plea hearing, when objectively considered, were not sufficient to raise a bona fide doubt as to her competency. Nor were they sufficient to give the district court reasonable cause to believe that Owens was unable to understand the proceedings against her or assist in her defense. Moreover, the record is devoid of any of the hallmarks that might suggest incompetency—history of irrational

behavior, demeanor at trial, and prior medical opinion. *See Davis*, 61 F.3d at 304. The district court did not commit error, plain or otherwise, in finding Owens to be competent or in failing to sua sponte hold a competency hearing.

Based on the foregoing, we conclude that Owens's appeal waiver was made knowingly and voluntarily, and it applies to the circumstances at hand, based on the plea agreement's plain language. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). Because the appeal waiver admitted of no exceptions, it bars this appeal. Consequently, we GRANT the Government's motion to dismiss and DENY the alternative motion for summary affirmance.

APPEAL DISMISSED.