# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2020

Lyle W. Cayce
Clerk

No. 19-30371
Summary Calendar

MARSHALL DEWAYNE WILLIAMS,

Petitioner-Appellant

v.

CALVIN JOHNSON, WARDEN, FEDERAL CORRECTIONAL COMPLEX, POLLOCK,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-20

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following his 1984 conviction for three counts related to the planting of a pipe bomb resulting in his stepfather's death, Marshall Dewayne Williams, federal prisoner # 14130-077, was sentenced to 99 years on count one and to 10 years on counts two and three, to be served concurrently with each other and consecutively to his 99-year sentence. He filed a 28 U.S.C. § 2241 petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the Bureau of Prisons' (BOP) calculation of his sentence and asserting that he was entitled to release. The district court denied the petition, and he now appeals. We review the district court's factual findings for clear error and its legal conclusions de novo.[1] *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Williams renews his claim that the BOP has not calculated his good-time credits properly, urging that the BOP's method of determining his good-time credits is incorrect under the law at the time he was sentenced and violates his due process rights.[2] Williams has failed to show any error. Inasmuch as he contends that he is entitled to release because he has now served more than 30 years, the claim is similarly unavailing for reasons explained by the district court. As Williams has been advised previously, pursuant to 18 U.S.C. § 4206(d) (repealed), his two-thirds date for purposes of release to mandatory parole is 30 years on his 99-year sentence, but he is subject to an additional six years and eight months on his consecutive 10-year sentences.

AFFIRMED.

---

[1] Because Williams already raised these same claims in another court and lost, *see Williams v. Warden*, Case No. 7:17-CV-528, 2019 WL 346428 (W.D. Va. 2019), we conclude it would be appropriate simply to dismiss these claims. *See United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994). In the interest of completeness, because the district court addressed the merits, we will do so as well.

[2] Williams continues to argue that our decision on a prior appeal supports his argument that he was to serve only a total of 30 years. However, in the referenced decision, we were clearly addressing *only* his sentence under Count One. *United States v. Williams*, 110 F. App'x 400, 401, 404 (5th Cir. 2004) ("Count One, the subject of this appeal, was based on *Williams's violation of 18 U.S.C. § 844(i). . . .* [Under the then-extant parole system], Williams will serve, at most, thirty of the ninety-nine years to which he was sentenced for *his violation of § 844(i)*.") (emphasis added).