[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13698
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cv-00330-MSS-PRL

MARSHALL DEWAYNE WILLIAMS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 18, 2020)

Before MARTIN, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Marshall DeWayne Williams, a pro se federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.  After careful review, we affirm.

## I.

In 1984, Williams was convicted under 18 U.S.C. § 844(i) of maliciously destroying a coin-operated newspaper dispenser with a pipe bomb, resulting in the death of a person.  He was sentenced to life imprisonment.  On direct appeal, the Fifth Circuit held Williams's life sentence was improper and remanded his case for resentencing.  See United States v. Williams, 775 F.2d 1295, 1299 (5th Cir. 1985).  Williams was resentenced to 99-years imprisonment.

In 2003, Williams filed a motion under Rule 35(a) of the Federal Rules of Criminal Procedure.  As relevant here, he argued his 99-year sentence was illegal because it was functionally equivalent to a life sentence.  The district court denied him relief, and the Fifth Circuit affirmed.  See United States v. Williams, 110 F. App'x 400, 404 (5th Cir. 2004) (per curiam) (unpublished).  In rejecting Williams's argument that he was functionally serving a life sentence, the Fifth Circuit explained that Williams was eligible for federal parole, and, "assuming compliance with [parole statute] conditions, Williams will serve, at most, thirty of the ninety-nine years to which he was sentenced."  Id.

2

In July 2019, Williams filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241.  His petition asserted his 99-year sentence exceeded the statutory maximum sentence and violated his right to due process.  The district court dismissed Williams's petition for lack of jurisdiction, holding that Williams's claims were improperly brought under § 2241.  The district court concluded that, under McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc), § 2241 is not available to challenge the validity of a sentence "except on very narrow grounds not present in this case."

On appeal, Williams argues that the district court erred when it applied McCarthan, rather than Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc).  He asserts that, under Gilbert, he may proceed under § 2241 based on the saving clause exception of 28 U.S.C. § 2255(e), because he has been in prison five years beyond what he identifies as the statutory maximum of 30 years.

## II.

Whether a prisoner may bring a § 2241 habeas petition pursuant to the saving clause in § 2255(e) is a question of law that we review de novo. McCarthan, 851 F.3d at 1081.

## III.

A motion to vacate that collaterally attacks the legality of a sentence must be brought under § 2255, rather than § 2241. McCarthan, 851 F.3d at 1081. A motion to vacate allows a prisoner to contest his sentence "'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Id. (quoting 28 U.S.C. § 2255(a)).

By contrast, the saving clause exception of § 2255(e) allows a federal prisoner to raise a collateral challenge to his sentence by filing a § 2241 habeas petition under certain, very limited circumstances. McCarthan, 851 F.3d at 1081, 1092–93. The saving clause exception of § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). "The petitioner bears the burden of establishing that the remedy by motion was 'inadequate or ineffective to test the legality of his detention.'" McCarthan, 851 F.3d at 1081 (quoting Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013)).

4

In McCarthan, this Court reconsidered its prior precedent regarding the saving clause and overruled Gilbert. See 851 F.3d at 1083, 1095–1100. McCarthan held that, to determine whether a prisoner satisfies the saving clause and qualifies to proceed under § 2241, the question is "whether the prisoner would have been permitted to bring [his] claim in a motion to vacate." Id. at 1086–87. If a prisoner could bring his claim in a motion to vacate, the prisoner had a "meaningful opportunity to test his claim" and cannot proceed under § 2241. See id. at 1087. McCarthan gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. Id. at 1092–93. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). See id. However, if a prisoner's claim merely challenges "the validity of his sentence," he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion. Id. at 1089.

Williams has not met his burden of establishing that his remedy by § 2255 motion is inadequate or effective to test the legality of his detention. See id. at 1081. Williams's § 2241 petition submits that "a 99 year sentence . . . violates [the]

5

Fifth Amendment right to due process" and requests that his sentence "be fully vacated." Williams also indicated on his petition that he was challenging the "validity of [his] sentence as imposed" because his "99 year sentence . . . exceeds the statutory maximum."[1] Williams's petition clarifies that "there is no need to go beyond the actual sentence" because he is not challenging "what the [Bureau of Prisons] 'might do' or what the defunct parole board 'might do,'" nor is he challenging how his sentence is being carried out, calculated, or credited by prison or parole authorities.

From these assertions, it is clear that Williams is challenging the validity of his sentence, not the execution of his sentence. As McCarthan observed, Williams could bring this type of claim in a § 2255 motion. See 851 F.3d at 1089 ("A motion to vacate covers . . . challenges to the validity of a sentence."). Thus, this is not the kind of claim for which § 2255 is inadequate or ineffective to test the legality of a prisoner's detention, and Williams cannot use the saving clause to make this claim in a § 2241 petition. We affirm the district court's dismissal of Williams's § 2241 petition.

**AFFIRMED.**

---

[1] While Williams argues his sentence exceeds the statutory maximum, the 30-year sentence envisioned by the Fifth Circuit was not a statutory limit on Williams's sentence, but an estimate of his prison term, assuming that he complied with parole eligibility requirements. See Williams, 110 F. App'x at 404. Williams could contest his good time credits or parole determinations in a § 2241 petition, see McCarthan, 851 F.3d at 1092–93, but he has not done so here.

6