# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2022

Lyle W. Cayce
Clerk

No. 21-10690
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER DAVID BELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CR-136-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Christopher David Bell pleaded guilty to a drug offense and was sentenced to 270 months of imprisonment. He now challenges the district court's failure to sua sponte conduct a formal competency hearing or otherwise inquire further as to his competency. We pretermit deciding

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10690

whether Bell's appeal waiver bars the issues. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006); *United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008). Because Bell's arguments are unpersuasive on review for abuse of discretion, we also decline to decide whether the stricter plain-error standard might apply. *See United States v. Flores-Martinez*, 677 F.3d 699, 706 (5th Cir. 2012); *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

A defendant has a procedural due process right to a hearing to determine his competency if the evidence before the district court raises a bona fide doubt about his competency. *See Pate v. Robinson*, 383 U.S. 375, 378, 385 (1966); *see also* 18 U.S.C. § 4241(a). This court considers three factors in determining whether a competency hearing is required: "(1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency." *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995).

The facts in the presentence report regarding Bell's previous head injury provided no reason for the district court to question his ability to understand the proceedings or aid his attorney in his defense, especially considering that he appropriately responded to all of the questions posed to him during the rearraignment and sentencing proceedings. *See Pate*, 383 U.S. at 385; *Flores-Martinez*, 677 F.3d at 705-08; *United States v. Williams*, 819 F.2d 605, 607 (5th Cir. 1988); *Lokos v. Capps*, 625 F.2d 1258, 1261 (5th Cir. 1980). Accordingly, the district court did not err. *See Pate*, 383 U.S. at 385; *Flores-Martinez*, 677 F.3d at 705-08.

AFFIRMED.