[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11898

Non-Argument Calendar

_____

MARSHALL DEWAYNE WILLIAMS,

Petitioner-Appellant,

_versus_

FCC COLEMAN WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cv-00330-MSS-PRL

_____

Before ROSENBAUM, JILL PRYOR, and HULL, Circuit Judges.

PER CURIAM:

Marshall DeWayne Williams, a federal prisoner proceeding *pro se*, appeals the denial of his second Rule 60(b) motion, requesting relief from the dismissal of his 28 U.S.C. § 2241 habeas corpus petition. On appeal, Williams argues the district court abused its discretion in denying his Rule 60(b) motion. This is Williams's third appeal before this Court in his same § 2241 proceedings. After review and careful consideration, we now affirm the district court's denial of Williams's second Rule 60(b) motion.

## I.    BACKGROUND

In order to analyze the issues, we briefly summarize the relevant procedural history both before the Fifth Circuit Court of Appeals several times and now thrice before this Court.

Williams was tried, convicted, and sentenced to 99 years' imprisonment in the Northern District of Texas. *United States v. Williams*, 775 F.2d 1295, 1296–97 (5th Cir. 1985); *United States v. Williams*, 819 F.2d 605, 607 (5th Cir. 1987). Williams filed a 28 U.S.C. § 2255 motion to vacate, which was denied by the district court and affirmed by the Fifth Circuit. *Williams*, 819 F.2d at 607–09.

Later, Williams was transferred to a federal prison in Florida. In 2019, Williams filed a § 2241 habeas corpus petition, asserting that his 99-year sentence violated due process.

Now, we turn to the facts relevant to Williams's claims in his § 2241 habeas petition and then his instant Rule 60(b) motion.

## A.    Original Criminal and Habeas Proceedings

In 1984, Williams was convicted under 18 U.S.C. § 844(i) of maliciously destroying a coin-operated newspaper dispenser with a pipe bomb, resulting in the death of his stepfather. *Williams*, 775 F.2d at 1296–97. Originally, Williams was sentenced to life imprisonment. *Id.* On direct appeal, the Fifth Circuit vacated his sentence because the district court was not authorized to impose a life sentence without a jury recommendation. *See id.* at 1299. Williams was resentenced to 99 years' imprisonment. *Williams*, 819 F.2d at 607.

Williams later filed a 28 U.S.C. § 2255 motion to vacate, contending that: (1) the district court erred by not holding a competency hearing, and (2) he was in fact incompetent during the trial. *Id.* The district court denied Williams's § 2255 motion, and the Fifth Circuit affirmed in 1987. *Id.* at 607–09.

## B.    Rule 35(a) Motion

In 2003, Williams filed a motion under Federal Rule of Criminal Procedure 35(a) to correct an illegal sentence. *United States v. Williams*, 110 F. App'x 400, 402 (5th Cir. 2004) (unpublished). The district court denied Williams's motion. *Id.* In

affirming the denial of that motion, the Fifth Circuit rejected Williams's argument that his 99-year sentence was void as the functional equivalent of a life sentence. *See id.* at 403–04. The Fifth Circuit observed that Williams, who was convicted before parole was abolished, would be presumptively eligible for parole after serving 30 years of his sentence and would not necessarily spend the rest of his life in prison. *See id.*

### C.    Underlying 28 U.S.C. § 2241 Proceedings

In July 2019, Williams, who then was housed at a federal prison in Florida, filed his underlying *pro se* § 2241 petition in the Middle District of Florida. His § 2241 petition challenged his 99-year sentence, asserting it violated due process because (1) this sentence was the functional equivalent of a life sentence, and (2) federal law at the time of his 1984 conviction required a jury recommendation to impose a life sentence.

In September 2019, the district court dismissed Williams's § 2241 petition for lack of jurisdiction. The court found that, pursuant to *McCarthan v. Director of Goodwill Industries-Suncoast*, 851 F.3d 1076 (11th Cir. 2017) (en banc), § 2241 was unavailable to challenge the validity of a federal sentence, "except on very narrow grounds not present in [Williams's] case."

In February 2020, this Court affirmed the dismissal of Williams's § 2241 petition, concluding that: (1) Williams was challenging the validity of his sentence; (2) he could have brought this type of claim in a § 2255 motion; and (3) therefore, under

*McCarthan,* he could not use the § 2255(e) savings clause to bring this claim under § 2241. *Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 327 (11th Cir. 2020) (unpublished).

### D.    Motion to Reopen § 2241 Petition, Construed as First Rule 60(b) Motion

In July 2020, Williams filed a motion to reopen his same § 2241 proceedings. He asserted that (1) the district court erroneously dismissed his § 2241 petition for lack of jurisdiction when it applied *McCarthan*, and (2) he could challenge the validity of his sentence under § 2241.

The district court determined that it did not have jurisdiction over Williams's Rule 60(b) motion. The district court also found that, even if it had jurisdiction, Williams had not provided a basis for the court to reconsider its previous order because his arguments were not based on a change in the law, new evidence, or the need to correct clear error or manifest injustice.

In May 2021, this Court affirmed, construing Williams's motion to reopen as a Rule 60(b) motion. *Williams v. Warden*, 858 F. App'x 328, 329 & n.1 (11th Cir. 2021) (unpublished). This Court held that, while the district court erred in concluding that it did not have jurisdiction to rule on and deny the motion, its alternative ruling on the merits was correct. *Id.* at 330. This Court concluded that: (1) Williams was making the same argument about *McCarthan* that was rejected in his earlier appeal, and (2) he could

not raise a new argument challenging the execution of his sentence in the Rule 60(b) context. *Id.*

### E.    Second Rule 60(b) Motion Now at Issue

In October 2021, Williams filed the instant Rule 60(b) motion, contending that there was a defect in the integrity of his § 2241 proceedings. Specifically, he argued that our Circuit's caselaw interpreting the § 2255(e) savings clause prevents a federal prisoner from filing a § 2241 petition to challenge a void federal sentence.

In May 2022, the district court denied Williams's instant Rule 60(b) motion, finding that the court's adherence to *McCarthan* did not create a defect in the integrity of the § 2254 proceedings and did not qualify as an extraordinary circumstance necessary to grant a Rule 60(b) motion. Williams timely appealed.

## II.    STANDARD OF REVIEW

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1207 (11th Cir. 2014). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures when making its determinations, or makes clearly erroneous findings of fact. *Id.*

## III.    DISCUSSION

### A.    General Principles

Rule 60(b) provides relief from a judgment that is void or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). A prisoner may challenge a "defect in the integrity of the federal habeas proceedings" in a Rule 60(b) motion. *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (quotation marks omitted).

Rule 60(b)(6) requires a showing of "extraordinary circumstances," which "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The Supreme Court has noted that a district court's correct interpretation of then-binding circuit precedent was not an extraordinary circumstance. *See id.* at 536.

Federal prisoners may collaterally attack their federal sentences by filing a motion to vacate in the time and manner prescribed in 28 U.S.C. § 2255. In addition, the savings clause of § 2255(e) allows a federal prisoner to raise a collateral challenge to his sentence by filing a § 2241 petition under certain, very limited circumstances. *McCarthan*, 851 F.3d at 1092–93. The savings clause of § 2255(c) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

In *McCarthan*, this Court held that, to determine whether a prisoner satisfies the savings clause and qualifies to proceed under § 2241, the question is "whether the prisoner would have been permitted to bring [his] claim in a motion to vacate." 851 F.3d at 1086–87. If a prisoner could bring his claim in a motion to vacate, the prisoner had a "meaningful opportunity to test his claim" and cannot proceed under § 2241. *See id.* at 1087.

### B.    Analysis

Here, the district court did not abuse its discretion in denying Williams's Rule 60(b) motion. In his Rule 60(b) motion, Williams attempted to frame his argument as attacking the integrity of the § 2241 habeas proceedings. However, Williams essentially reargued that: (1) his 99-year sentence is illegal, and (2) the district court erred by applying the standard for when a petitioner may seek relief under § 2241 established by this Court en banc in *McCarthan*. These are the same arguments the district court previously rejected and that this Court rejected in Williams's prior appeals. *See Williams*, 803 F. App'x at 327; *Williams*, 858 F. App'x at 330.

In any event, a district court's application of binding precedent does not constitute a defect in the habeas proceedings or

an extraordinary circumstance warranting Rule 60(b) relief. *See Gonzalez*, 545 U.S. at 536. Williams therefore did not provide any "extraordinary" reason for the district court to reconsider its order denying his § 2241 petition. *See id.* at 535; Fed. R. Civ. P. 60(b).

Furthermore, we reject Williams's argument that there are no avenues to challenge a void federal sentence. A direct appeal was available when Williams was resentenced to 99 years' imprisonment, but Williams did not file one. *See Williams*, 110 F. App'x at 402. In addition, a § 2255 motion to vacate was available to collaterally attack a federal sentence, and Williams previously filed a § 2255 motion in Texas without contesting his 99-year sentence. *See Williams*, 819 F.2d at 607–09. Even without *McCarthan*, Williams has not shown a § 2255 motion was inadequate or ineffective to test the legality of his sentence.

## IV.    CONCLUSION

For the reasons above, we affirm the district court's denial of Williams's Rule 60(b) motion.

**AFFIRMED.**

1                    ROSENBAUM, J., Concurring                    22-11898

ROSENBAUM, Circuit Judge, Concurring:

I concur in the judgment and agree we are bound by *McCarthan v. Director of Goodwill Industries-Suncoast*, 851 F.3d 1076 (11th Cir. 2017) (en banc). For the reasons I explained in my dissent in *McCarthan*, I continue to think *McCarthan* is incorrect.